## BANK OF UKIAH v. REED et al.*

### S. F. No. 1542; December 14, 1900.

#### 63 Pac. 68.

**Default—Where There is a Conflict of Evidence Submitted on a Motion** to set aside a default, the determination of the court denying the motion will not be reviewed on appeal.

**Default.—Where a Written Memorandum of an Agreement** between the parties to a suit is executed, in which is expressed the consent of defendants that their defaults be entered, and an agreement on the part of plaintiff not to take judgment until a certain time, the burden of proof is on defendants to show that they were entitled to a further notice, and to additional time beyond the date expressed in the memorandum, before judgment could properly be entered against them by default.

APPEAL from Superior Court, Sonoma County; S. K. Dougherty, Judge. ·

Action by the Bank of Ukiah against John S. Reed and others. From an order denying a motion to vacate and set aside their default and the judgment thereon, defendants appeal. Affirmed.

Heller & Powers for appellants; J. A. Cooper for respondent.

HARRISON, J.—After judgment had been entered against the appellants upon their default, they moved the court to vacate and set aside their default and the judgment thereon, and from the order refusing their motion the present appeal has been taken. The complaint was filed January 21, 1896, and, service of the summons issued thereon having been had upon the defendant, John S. Reed, a demurrer to the complaint was filed on his behalf February 1, 1896. Service was made upon the defendant Anna M. Reed March 11, 1896. On that day, at the request of the defendants, an interview was had between them and the directors of the plaintiff, at the banking house of the latter, at which it was agreed on the part of the defendants that the demurrer of the defendant

*Rehearing denied January 12, 1901.

John S. Reed should be withdrawn, and that Mrs. Reed should make default in the suit, and that upon payment by the defendants of $600, on or before July 15, 1896, the plaintiff would not take judgment until January 2, 1897. Mrs. Reed thereupon appeared in the action, and filed her consent that default be taken against her. A stipulation was also filed by John S. Reed consenting that his demurrer be withdrawn and his default entered. April 27, 1896, the plaintiff caused the defaults of the defendants to be entered. The defendants did not pay the $600, and on September 18, 1897, judgment was entered in the action for the foreclosure and sale of the mortgaged property. September 29, 1897, the defendants moved to set aside and vacate the default and judgment, upon the ground that they were entered through mistake and inadvertence on their part, and presented evidence in support of their motion. The court, after hearing the same, denied the motion, and the present appeal is taken from that order.

In the affidavits presented by the defendants in support of their motion they set forth, as the grounds upon which they claim the relief, that at the time they agreed to withdraw the demurrer, and consented that default might be entered against them, the attorney for the plaintiff agreed with them that no further action should be taken in the case without giving them previous notice thereof; and, further, that after said agreement had been made, the president of the plaintiff agreed with them, in substance, that no judgment should be taken against them until after the year 1897, and that they might have the whole of that year in which to pay their indebtedness, and that their failure to appear or take any steps in the suit had been by reason of their reliance upon these agreements. At the hearing upon the motion there was presented on behalf of the plaintiff a written memorandum, in which was expressed the consent of the defendants that their defaults be entered, and the agreement on the part of the plaintiff not to take judgment until January 2, 1897. It was also shown that at the interview between the defendants and the directors, at which the agreement was made, its terms were openly stated and discussed, and that, after the memorandum had been prepared, it was read to the defendants, and its terms assented to by them, and that a copy of it was taken by Mrs. Reed. Affidavits by directors who were

present at the meeting were also presented, in which they stated that no agreement was made of any extensions of time, except as stated in said memorandum, and that nothing was said at the meeting about giving further notice of any steps to take judgment. The attorney for the plaintiff was also present at that interview, and testified at the hearing of this motion that neither at that time, nor at any other time, did he agree to any extension of time beyond the second day of January, 1897, or to give to the defendants any notice of any further steps to be taken in the suit. The president of the bank testified that he never told the defendants, or either of them, that they could have all of the year 1897 in which to pay their indebtedness, or agreed with them, or either of them, to give to them any time beyond that expressed in the memorandum. Upon the conflict of evidence thus presented, it must be assumed that in denying the defendants' motion the superior court determined in favor of the plaintiff. In the face of the evidence contained in the written memorandum the burden was upon the defendants to show that they were entitled to any further notice before the entry of judgment, as well as to additional time beyond the second day of January, 1897, before judgment should be entered against them. We cannot say, from an examination of the evidence presented to the superior court, that its determination was erroneous, or that it abused its discretion in denying the motion of the defendants. The order is affirmed.

We concur: Garoutte, J.; Van Dyke, J.